**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502; CEMENT MASONS INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND; CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND; OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST; and CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.:  1:26-cv-07471<br><br>JUDGE:<br><br>MAG. JUDGE: |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BELL'S BETTER BUILDINGS, INC. d/b/a TWENTY ELEVEN CONSTRUCTION, an Illinois corporation, and VANESSA RHODES, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**<u>COMPLAINT</u>**

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502, the CEMENT MASONS INSTITUTE, LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND, the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND, the OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA)

Page 1 of 11

NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST, and the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of Defendants, BELL'S BETTER BUILDINGS, INC. d/b/a TWENTY ELEVEN CONSTRUCTION and VANESSA RHODES, and in support, allege as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Count II of this action alleges breach of contract arising from BELL'S BETTER BUILDINGS, INC. d/b/a TWENTY ELEVEN and VANESSA RHODES' breach of the Payment Installment Agreement. This Court has supplemental jurisdiction over the subject matter of Count II pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) in that the PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502 ("Pension Fund"), the CEMENT MASONS INSTITUTE LOCAL 502 WELFARE TRUST FUND ("Welfare Fund"), the CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND ("Annuity Fund"), the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND ("Savings Fund"), the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND ("Training Fund"), and the CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND ("Retiree Welfare Fund") (collectively "Trust Funds") are administered at 739 25th Ave., Bellwood, Illinois 60104

and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

4. The Trust Funds receive contributions from numerous employers pursuant to the Collective Bargaining Agreements entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("Union") and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. § 1002(37)(A).

5. The OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

6. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

7. The Union is the bargaining representative of BELL'S BETTER BUILDINGS, INC. d/b/a TWENTY ELEVEN CONSTRUCTION's ("Twenty Eleven") cement mason employees.

8. Defendant Twenty Eleven is an Illinois corporation with its principal place of business in Chicago, Illinois.

9. Defendant VANESSA RHODES ("Rhodes") is the President of Twenty Eleven.

**FACTS COMMON TO ALL COUNTS**

10.     On July 28, 2020, Twenty Eleven entered into a Memorandum of Agreement ("MOA") with the Union. (A copy of the MOA is attached as **Exhibit 1**).

11.     Through the MOA, Twenty Eleven became bound to the Collective Bargaining Agreement ("CBA") between the Union and the Concrete Contractors Association of Greater Chicago in effect during the period of June 1, 2017, to May 31, 2021, as well as the successor CBAs in effect from June 1, 2021 through May 31, 2026, and June 1, 2026 through May 31, 2029, respectively. (A copy of the 2017-2021 CBA is attached as **Exhibit 2**); (A copy of the 2021-2026 CBA is attached as **Exhibit 3**); (A copy of the 2026-2029 CBA is attached as **Exhibit 4**)

12.     Through the CBA and MOA, Twenty Eleven agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter collectively referred to as the "Trust Agreements"). (**Exhibits 1-4**). (A copy of the Annuity Fund's Trust Agreement, as amended, is attached as **Exhibit 5**); (A copy of the LMCC's Trust Agreement, as amended, is attached as **Exhibit 6**); (A copy of the Savings Fund's Trust Agreement, as amended, is attached as **Exhibit 7**); (A copy of the Pension Fund's Trust Agreement, as amended, is attached as **Exhibit 8**); (A copy of the Welfare Fund's Trust Agreement, as amended, is attached as **Exhibit 9**); (A copy of the Training Fund's Trust Agreement, as amended, is attached as **Exhibit 10**).

13.     Pursuant to the provisions of the CBA, MOA, and Trust Agreements, Twenty Eleven is required to report hours worked by its cement mason employees on a monthly basis and pay contributions to the Trust Funds and LMCC for each hour that a cement mason

employee performs any work at the negotiated rate set forth in the CBA as designated by the Union. (**Exhibits 1-19**).

14.  Pursuant to the CBA and properly executed check-off cards, Twenty Eleven is required to deduct dues and other wage assessments from its cement mason employees' wages and transmit the dues to the Union. (**Exhibits 2-4**).

15.  Pursuant to the CBA, Twenty Eleven is required to report all hours, pay contributions and transmit dues on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibits 2-4**).

16.  Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)) and the provisions of the CBA and Trust Agreements, employers who fail to pay contributions to the Trust Funds and the LMCC, and transmit dues to the Union on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus any reasonable attorneys' fees and costs of maintaining suit, as well as any auditor fees incurred. (**Exhibits 2-10**).

17.  On April 16, 2026, in order to settle Twenty Eleven's then outstanding liabilities with the Trust Funds, LMCC, and Union, Twenty Eleven and Rhodes entered into an Installment Payment Agreement (the "Installment Agreement") with the Trust Funds, LMCC, and Union. (A copy of the Installment Agreement is attached as **Exhibit 11**).

18.  Pursuant to Paragraph 2 of the Installment Agreement, Twenty Eleven and Rhodes agreed to pay $444,766.24 in twenty-four (24) monthly installments, beginning with a downpayment of $200,000.00 due upon the execution of the Agreement, pursuant to the amortization schedule. (Installment Agreement ¶ 2 | **Exhibit 11**).

19. Pursuant to the Installment Agreement's amortization schedule, monthly installment payments are due on the 1st of each month beginning on June 1, 2026. (*Ex. A* to Installment Agreement | **Exhibit 11**).

20. Pursuant to Paragraph 5 of the Installment Agreement, Twenty Eleven and Rhodes agreed to "report all hours worked and make payment of monthly contributions and dues to the Trust Funds, and Union in a timely manner, by the 15th day of each month following the month in which the work was performed, beginning with the contribution period of March 2026." (Installment Agreement ¶ 2 | **Exhibit 11**).

21. Paragraph 6 of the Installment Agreement provides in relevant part as follows:

> Rhodes agrees to be personally liable for all of the obligations of TEC called for in this Agreement, including all payments required by Paragraphs 2 and 5 above and all ongoing contributions, liquidated damages, interest, attorneys' fees, audit fees, and audit deficiencies that may become due and owing during the duration of this Agreement. Rhodes agrees that she is personally bound by the CBA and agrees that she is a joint employer with TEC for the purposes of 29 U.S.C. § 1145.

(Installment Agreement ¶ 6 | **Exhibit 11**).

## COUNT 1
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

22. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-21 of this Complaint with the same force and effect as if fully set forth herein.

23. Twenty Eleven and Rhodes reported the hours worked by Twenty Eleven's cement mason employees for the months of March and April 2026 but failed to remit contributions to the Trust Funds and the LMCC, and transmit dues to the Union, in the aggregate amount of $40,805.10, itemized as follows:

| Month: | Contributions & Dues: |
|---|---|
| Mar. 2026 | $39,418.26 |
| Apr. 2026 | $1,386.24 |

| Month: | Contributions & Dues: |
|---|---|
| Total: | $40,805.10 |

24.     As a result of Twenty Eleven and Rhodes' failure to timely remit payment of contributions and transmit dues for the months of March and April 2026, Twenty Eleven and Rhodes owe the Trust Funds, LMCC, and the Union liquidated damages in the aggregate amount of $6,120.77.

25.     Twenty Eleven and Rhodes failed to report the hours worked by Twenty Eleven's cement mason employees for the month of May 2026 and therefore owes the Trust Funds, LMCC, and the Union an unknown amount in contributions and dues, along with the resulting liquidated damages and interest, for work performed during May 2026.

26.     Twenty Eleven and Rhodes have an ongoing obligation under the CBA and Trust Agreements to pay contributions and transmit dues on behalf of its cement mason employees, and a payroll compliance audit of Twenty Eleven's payroll books and records is underway; accordingly, additional contributions, dues, and liquidated damages may become due and owing.

27.     Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from Twenty Eleven and Rhodes.

28.     Twenty Eleven is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, MOA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A.      That Judgment be entered in favor of Plaintiffs and against Defendants Twenty Eleven and Rhodes, jointly and severally, in the aggregate amount of $46,925.87, itemized as follows:

i.     $39,418.26 in contributions and dues owed for March 2026;

ii.    $1,386.84 in contributions and dues owed for April 2026;

iii.   $5,912.74 in liquidated damages owed for March 2026; and

iv.    $208.03 in liquidated damages owed for April 2026;

B.     That this Honorable Court order Defendants Twenty Eleven and Rhodes produce all contribution reports for the month of May 2026, and pay the corresponding contributions, dues, and liquidated damages revealed to be due and owing, if any;

C.     That Judgment be entered in favor of Plaintiffs and against Defendants Twenty Eleven and Rhodes, jointly and severally, for any and all other contributions, dues, and liquidated damages found to be due and owing in addition to those referenced in Paragraphs A and B above;

D.     That Defendant Twenty Eleven and Rhodes, jointly and severally, be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, MOA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

E.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant Twenty Eleven cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT II**
**BREACH OF INSTALLMENT PAYMENT AGREEMENT**

29.    Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-28 of this Complaint with the same force and effect as if fully set forth herein.

30.    Pursuant to 7 of the Installment Agreement, any payment not received by the date on which it is due shall constitute a default of the Installment Agreement.  (Installment Agreement ¶

7 | **Exhibit 11**).

31. Pursuant to Paragraph 8 of the Installment Agreement, in the event that Twenty Eleven and Rhodes default on any of their obligations of the Installment Agreement, they are entitled to two (2) Notices of Default; Twenty Eleven shall be given seven (7) days to cure the default, and should Twenty Eleven and Rhodes fail to cure the default within seven (7) days of receiving the Notice of Default, all remaining payments will be accelerated and immediately payable. (Installment Agreement ¶ 8 | **Exhibit 11**).

32. As of initiating this action, Twenty Eleven and Rhodes failed to remit the downpayment and all other subsequent installment payments.

33. Plaintiffs' counsel sent Twenty Eleven and Rhodes two (2) Notices of Default as required under the Installment Agreement. (A copy of Plaintiffs' counsel's Notices of Default is attached as **Exhibit 12**).

34. Additionally, Twenty Eleven and Rhodes reported hours worked by Twenty Eleven's cement mason employees for the months of March and April 2026 but failed to remit the attributable contribution and dues payments to the Trust Funds, LMCC, and Union.

35. Twenty Eleven and Rhodes failed to report the hours worked by Twenty Eleven's cement mason employees for the month of May 2026.

36. Twenty Eleven and Rhodes failed to cure their defaults within the prescribed period.

37. Due to Twenty Eleven and Rhodes' failures to remit the downpayment, remit installment payments, remit contribution and dues payments, and report the hours worked by its cement mason employees, the Trust Funds, LMCC, and Union accelerated all payments required under the Installment Agreement.

38. Also, pursuant to Paragraph 8(E) of the Installment Agreement, an additional damages

charge of fifteen percent (15%) of all unpaid amounts shall become due and payable by Twenty Eleven and Rhodes upon default of the Installment Agreement. (Installment Agreement ¶ 8(E) | **Exhibit 11**).

39.     Accordingly, Twenty Eleven and Rhodes owe the Plaintiffs $70,847.80 in liquidated damages arising from their breaches of the Installment Agreement.

40.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Twenty Eleven and Rhodes as a result of their breaches of the Installment Agreement.

41.     Plaintiffs have complied with all conditions precedent in bringing this suit.

42.     Twenty Eleven and Rhodes are obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, the Installment Agreement, and 29 U.S.C. § 1132(g).

**WHEREFORE,** Plaintiffs respectfully request:

A.     That Judgment be entered in favor of Plaintiffs and against Defendants Twenty Eleven and Rhodes, jointly and severally, in the aggregate amount of $540,406.43, itemized as follows:

i.      $444,766.24 in principal due under the Installment Agreement;

ii.     $25,152.39 in interest due under the Installment Agreement; and

iii.    $70,487.80 in liquidated damages resulting from Twenty Eleven and Rhodes' breach of the Installment Agreement; and

B.     That Defendants Twenty Eleven and Rhodes, jointly and severally, be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and the Installment Agreement.

Respectfully Submitted,

**PENSION FUND OF CEMENT
MASONS UNION LOCAL NO. 502** *et al.*

/s/ Jeffrey A. Krol – 6300262
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
141W. Jackson Blvd, Suite 2055
Chicago, Illinois 60604
(312) 757-5465
jeffkrol@johnsonkrol.com